UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FRANK FRAZETTA,

               Plaintiff,

        - against -

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

               Defendants,

------------------------------------------------------------------x
VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

               Third-party plaintiff,

        -against-

ELLIE FRAZETTA,

               Third-party defendant
------------------------------------------------------------------x

08 CIV 6670 (RJH)(KF)

**DECLARATION OF TEDD KESSLER**

Filed by ECF

    Tedd Kessler, an attorney duly admitted to practice law before the courts of the State of New York, and the United States District Court for the Southern District of New York, declares and states, under penalty of perjury, as follows:

    1.    Declarant is the attorney for plaintiff Frank Frazetta and third-party defendant Eleanor Frazetta, incorrectly sued herein as Ellie Frazetta, (hereinafter referred to as "Eleanor Frazetta").

    2.    This declaration is submitted in support of the within motion seeking an order Pursuant to FRCP 12(b)(2) dismissing defendants' third-party action due to lack of jurisdiction over the third-party defendant, and, pursuant to FRCP 12(b)(6) dismissing defendants' third-party action as defendants have failed to plead a cause

of action and for such other and further relief as this Court seems just, proper and equitable.

## LACK OF JURISDICTION-NO MINIMUM CONTACTS

3.　In the third-party action, third-party plaintiffs VANGUARD PRODUCTIONS and J. DAVID SPURLOCK have failed to invoke the jurisdiction of this court. In fact, the third-party complaint fails to allege any jurisdiction with regard to third-party defendant Eleanor Frazetta. As such, the third-party complaint is fatally defective.

4.　Submitted with this motion as Exhibit "A" is the declaration of Eleanor Frazetta. In said declaration, Eleanor Frazetta states, *inter alia*:

> She has resided in Pennsylvania for more than 30 years, has not maintained any offices, facilities, bank accounts, transacted any business or participated in any contracts anywhere to supply goods or services in the State of New York. Moreover, Eleanor Frazetta has not regularly solicited business or engaged in any other persistent course of conduct or derived substantial revenue from goods used or consumed or services rendered in the State of New York. She has not owned, used or possessed any real property situated in the State of New York nor does she have a telephone listing or mailing address in the State of New York. Eleanor Frazetta has not employed anybody in the State of New York, temporarily or permanently nor has she

ever been registered or licensed to do business in the state of New York. She has not filed nor been required to file any tax return in the state of New York. She needs not file any report with any state agencies and she does not have a registered agent in the State of New York.

At no time did Eleanor Frazetta have any agreement with the defendants herein. Additionally, she has never corresponded with the defendants herein. She did not institute any telephone contact with the defendants herein nor has she ever been in contact with the defendants herein by any other means. Defendant David Spurlock did telephone Mrs. Frazetta in Pennsylvania to threaten and harass her. Finally, Eleanor Frazetta states that at no time did she ever agreed to the publication of the book at issue by defendants herein.

5.  In her declaration, Eleanor Frazetta states that the alleged "Agreement to Publish" that is attached to the verified answer and third-party complaint of defendants does not bear her signature and is a forgery. It should also be noted that this forged document does not mention the defendants anywhere within the document itself.

6. As the court can see, Eleanor Frazetta lacks minimum contacts with the State of New York and therefore the defendants cannot obtain jurisdiction over her in this venue.

## FAILURE TO STATE A CAUSE OF ACTION

7. The third-party complaint fails to state a cause of action against Eleanor Frazetta.

8. In the third-party complaint there are no counts; delineated as One or Two. In Count III defendants-third-party defendants allege in paragraph #42 that Eleanor Frazetta is liable to Frank Frazetta. No basis for this allegation is made.

9. Moreover, in paragraph #43, third-party plaintiffs claim entitlement to indemnity from Eleanor Frazetta. Again, no basis for this allegation is made. There is no privity of contract between Eleanor Frazetta and any of the defendants-third-party plaintiffs. There are no allegations of a breach of contract nor are any allegations of negligence made. Perhaps even more important is that there are no allegations made by the defendants-third-party plaintiffs regarding Eleanor Frazetta and the facts at issue in the main complaint; that the defendants used Frank Frazetta's name and endorsement without his consent. Therefore, Count III of the third-party complaint must fail as a matter of law as it states no cause of action.

10. The third-party complaint, in Count IV repeats the allegations made in count III and alleges a claim against Eleanor Frazetta for contribution. Again, the basis for this allegation is unclear. For the reasons stated above, Count IV of the third-party complaint must fail as a matter of law as it states no cause of action.

11. As is shown more particularly in the brief in support filed herewith, the third party complaint should be dismissed:

a. Pursuant to FRCP 12(b)(2) dismissing defendants' third-party action due to lack of jurisdiction over the third-party defendant, and,

b. Pursuant to FRCP 12(b)(6) dismissing defendants' third-party action as defendants have failed to plead a cause of action,

WHEREFORE, it is respectfully submitted that for the reasons stated herein and in her brief in support filed herewith, the third-party complaint against Eleanor Frazetta should be dismissed in its entirety with prejudice.

Dated:     New York, New York
           March 22, 2009

                                    _____
                                    The Law Office of Tedd Kessler, PC.
                                    Attorneys for Plaintiff - **FRANK FRAZETTA**
                                    & Third-party defendant **ELEANOR FRAZETTA i/s/h/a/ ELLIE FRAZETTA**
                                    302 Fifth Ave. - 8th floor
                                    New York, N.Y. 10001
                                    (212) 477-3200

To:

Penino & Moynihan, LLP
Attorneys for Defendants And Third-Party Plaintiffs
180 East Post Road Suite 300
White Plains, New York 10601

Patricia Leigh McMillan Minoux
Hayden, Milliken, Boeringer & Irick, P.A.
5915 Ponce de Leon Boulevard Suite 63
Miami, FL 33146-2435

c:\tkdata\fritz vanguard\motion to dismiss.docx